**Harry D. GRAHAM, Plaintiff,**

v.

**EXXON CORPORATION, Defendant.**

**No. 76 Civ. 1217 (CMM).**

United States District Court,
S. D. New York.

May 10, 1978.

---

Mordecai Rosenfeld, New York City, for plaintiff.

Sullivan & Cromwell, New York City, for defendant; Roy H. Steyer, Kenneth M. Bialo, New York City, of counsel.

METZNER, District Judge:

This is a motion by defendant pursuant to Fed.R.Civ.P. 56 for an order granting it summary judgment and dismissing the amended complaint on the ground that this action is barred by the principles of res judicata and collateral estoppel.

Plaintiff alleges in his amended class action complaint that due to certain actions of defendant he failed to receive the true and full value of his shares of stock in the Creole Petroleum Corporation (Creole) at the time Creole was fully acquired by defendant through a Delaware short-form merger. It is alleged that these actions, prior to the merger, included depression of the market price of Creole's stock, and failure to disclose all material and relevant information regarding the nationalization of Creole by the Government of Venezuela. It is claimed that these actions are violative of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder.

On July 14, 1975, plaintiff exercised his right to an appraisal of his stock rather than to tender it for the price offered by defendant at the time of the merger. On January 26, 1978, the Court of Chancery for the State of Delaware issued an order and judgment which concluded the appraisal proceedings with regard to this merger, and directed that payment be made to those former Creole shareholders entitled to appraisal at the rate determined by the court to be the true value of the Creole stock. A check for this amount was sent to plaintiff's brokerage firm, the holder of record of the shares.

14

Defendant's first contention is that under the principle of res judicata, the Delaware judgment acts as a bar to plaintiff's pursuing the instant action. The basic requirement of that principle of law, however, is that for one lawsuit to act as a bar to another lawsuit, both of them have to be for the same *cause of action. Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Since the instant lawsuit is based upon an exclusively federal cause of action which could not have been brought in the Delaware appraisal suit, this action cannot be barred by res judicata.

We next turn to defendant's second contention: that plaintiff is collaterally estopped from litigating the *issue* of the true value of the Creole stock at the time of the merger by virtue of the Delaware judgment. Unlike res judicata, the doctrine of collateral estoppel depends upon identity of issues previously litigated between the parties rather than identity of causes of action. As the Supreme Court in *Sunnen* stated:

> "In this situation, the judgment in the prior action operates as an estoppel, not as to matters which might have been litigated and determined, but 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.' . . . Since the cause of action involved in the second proceeding is not swallowed by the judgment in the prior suit, the parties are free to litigate points which were not at issue in the first proceeding, even though such points might have been tendered and decided at that time." *Supra* at 598, 68 S.Ct. at 719 (citations omitted).

The finding by the Court of Chancery as to the value of the Creole stock can in no way estop plaintiff from litigating the issue of fraud in this action, as the issue of fraud was never litigated in the Delaware appraisal proceeding. Furthermore, it is clear that the proof on the issue of value in the appraisal procedure in Delaware will not be as broad as the proof on that issue in litigation involving violations of the federal secu-

rities laws. *Merrit v. Libby, McNeill & Libby,* 533 F.2d 1310, 1313–14 (2d Cir. 1976); *Green v. Santa Fe Industries, Inc.,* 553 F.2d 1283, 1297 n.4 (2d Cir. 1976), *rev'd on other grounds,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977). The Second Circuit has had the opportunity to examine the valuation of stock under the Delaware appraisal statute and has stated: "Such restrictive theories of valuation are not binding on federal courts when actual damages are sought for violations of the federal securities laws." *Merrit v. Libby, McNeill & Libby, supra* at 1314.

Accordingly, defendant's motion is denied.

So ordered.